

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **VICKY AND RONALD GIDDINGS, h/w** ) <br> ) <br> Plaintiff ) <br> vs. ) <br> ) <br> **NCO FINANCIAL SYSTEMS, INC.** ) <br> & ) <br> **WYSE FINANCIAL SERVICES, INC.** ) <br> & ) <br> **FIA CARD SERVICES** ) <br> Defendants | Case Number <br><br> **10    5172** <br><br> CIVIL COMPLAINT <br><br> JURY TRIAL DEMANDED |

FILED

2010

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiffs, Vicky and Ronald Giddings, h/w, by and through their undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I.    INTRODUCTORY STATEMENT

1.    Plaintiffs, Vicky and Ronald Giddings, h/w, are adult natural persons and they bring this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II.    JURISDICTION

2.    Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant's principal place of business is in this district.

### III. PARTIES

4. Plaintiffs, Vicky and Ronald Giddings, h/w, are adult natural persons residing at 9538 Cissell Avenue, Laurel, Maryland 20723-1820. At all times material and relevant hereto, Plaintiffs are a "consumers" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, NCO Financial Systems, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania and the state of Maryland with its principal place of business located at 507 Prudential Road, Horsham, PA 19044.

6. Defendant, WYSE Financial Services, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the state of Colorado and the state of Maryland with its principal place of business located at 3410 South Galena Street, Suite 250, Denver, CO 80231.

7. Defendant, FIA Card Services ("Defendant"), at all times relevant hereto, is and was a credit card payment processing company engaged in the business of collecting debt within the state of Delaware and the state of Maryland with its principal place of business located at P.O. Box 15720, Wilmington, DE 19850.

8. Defendants are engaged in the collection of debts from consumers using the telephone and mail. Defendants are "debt collectors" as defined by the FDCPA, 15

U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

9. In or around the early part of September, 2010, Plaintiff, Vicky, was contacted by Defendant, NCO Financial and Defendant, WYSE Financial, simultaneously, collecting on the same alleged debt owed to Defendant, FIA Card Services.

10. Both Defendants, NCO Financial and WYSE Financial, both stated that the Plaintiff owed approximately $11,706.49 on the same account owed to Defendant, FIA Card Services.

11. On or about September 9, 2010, Plaintiff, Vicky, received a letter from Defendant, WYSE Financial, stating that Defendant, FIA Card Services had placed the account with their office for collection. **See Exhibit "A" (letter) attached hereto.**

12. The letter went on to demand payment in full.

13. During this same time, Plaintiff, Vicky, received a call from an agent of Defendant, NCO, that told her that they would place a judgment on her if she did not make a payment in thirty (30) days.

14. On or about September 11, 2010, Plaintiff, Vicky, received a letter from Defendant, NCO, stating that the above account had been place with them by Defendant, FIA Card Services. **See Exhibit "B" (letter) attached hereto.**

15. This letter also, stated that the Plaintiff, Vicky, needed to pay the full amount of $11,706.49.

16. On or about September 14, 2010, Plaintiff, Vicky, received a call from Defendant, WYSE's, agent, "Martinez", who told her that they had been trying to reach her for so long that they were now going to move forward with this account and there was nothing that she could do about it.

17. On that call, Plaintiff, Vicky, informed Defendant, WYSE's agent, "Martinez", that she was engaged with the services of the law firm of Persels & Associates, LLC to help aid her in her debt negotiations and asked her to call them directly.

18. Agent, "Martinez", stated that Defendant, WYSE, would never call and work with Persels.

19. Agent, "Martinez", went on to tell Plaintiff, Vicky, that Persels would only leave her "high and dry".

20. Defendant, WYSE's agent, "Martinez", threatened Plaintiff, Vicky, that if she did not make a payment that they would take her vehicle, her home and garnish her wages.

21. During this same call, agent, "Martinez", informed Plaintiff, Vicky, that that she knew that she was married and that she also knew that she lived in a 50/50 state, which would allow them to also garnish her husband, Plaintiff, Ronald's wages.

22. Plaintiff, Ronald, is not on this account.

23. Plaintiff, Vicky, was also told that Defendant, WYSE, would be able to take her husband, Plaintiff, Ronald's, vehicle if she did not make arrangements to pay off the debt.

24. Before ending the call, Defendant, WYSE's, agent, "Martinez", also threatened Plaintiffs marital property.

25. On or about September 18, 2010, Plaintiff, Vicky, received another call from Defendant, WYSE, and was asked to supply them with her checking account information.

26. Plaintiff, Vicky, was told that she needed to pay them at least $250.00 that day to start paying toward this debt.

27. Plaintiff, Vicky, was fearful and did not give out her checking account information since she shares the account with her daughter.

28. During this same time, Defendant, WYSE's agent, "Martinez", would also speak with their daughter when calling the Plaintiffs home and inform her of the debt.

29. On or about September 20, 2010, Plaintiff, Vicky, received another call from Defendant, WYSE's agent, "Martinez", who was still looking for payment on the debt due to Defendant FIA Card Services.

30. Defendant, WYSE's, agent, "Martinez", demanded to know how much the Plaintiff, Vicky, was paying Persels and why she was paying them instead of paying off her debt.

31. Plaintiff, Vicky, responded that she did not think it was any of the agent's business what she was paying Persels for their services.

32. Defendant, WYSE's, agent, "Martinez", insured the Plaintiff, Vicky, that if this account should end up in court it will all become her business.

33. As of the filing of this complaint, Plaintiffs continue to be contacted via phone and mail by Defendants, NCO Financial and WYSE Financial on the same account.

34. Defendant, FIA Card Services, attempted collection by simultaneously sending the account to Defendant, NCO Financial Systems and Defendant, WYSE Financial Services to engage in a barrage of contact by the parties all in an attempt to collect on a single account.

35. The use of dual collection agents by Defendant, FIA Card Services had the result of misleading the Plaintiffs as well as harassing them to the point of emotional distress.

36. The Defendants acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

37. The Defendants knew or should have known that their actions violated the FDCPA. Additionally, Defendants could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

38. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of Defendants herein.

39. At all times pertinent hereto, the conduct of Defendants as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiffs herein.

40. As a result of Defendants conduct, Plaintiffs have sustained actual damages, including, but not limited to, injury to Plaintiffs reputation, invasion of privacy, damage to Plaintiffs credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and they will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

## COUNT I - FDCPA

41. The above paragraphs are hereby incorporated herein by reference.

42. At all times relevant hereto, Defendants were attempting to collect an alleged debt which was incurred by Plaintiffs for personal, family or household purposes and is a "debt" defined by 15 U.S.C. § 1692a(5).

43. The foregoing acts and omissions constitute violations of the FDCPA, including, but not limited to, violations of:

| | |
|---|---|
| §§ 1692b(2) | Contact of Third Party: Stated that the consumer owes any kind of debt |
| §§ 1692c(a)(2) | After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive |
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(5) | Caused the phone to ring or engaged any person in telephone conversations repeatedly |

| | |
|---|---|
| §§ 1692e | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(4) | Nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment |
| §§ 1692e(10) | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect an alleged debt |

**WHEREFORE**, Plaintiffs respectfully pray that judgment be entered against the Defendants, NCO Financial Systems, WYSE Financial Services, Inc. and FIA Card Services for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit;

d. Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II

### CIVIL CONSPIRACY

44. Plaintiffs reallege and incorporate herein by reference all of the allegations contained in Paragraphs 9 through 39, inclusive, of this complaint as though fully set forth herein.

45. Plaintiffs are informed and believe and therein allege that Defendants, and each of them, entered into an agreement under which said Defendants, acting in concert, agreed to willfully or knowingly violate the FDCPA.

46. The acts of the Defendants, and each of them, were in furtherance of a conspiracy to violate a legal duty for their own financial gain.

47. Defendants had an independent duty to Plaintiffs and all others similarly situated not to engage in said conduct and their conduct involves a conspiracy to violate a legal duty in furtherance of Defendants financial gain.

48. Defendants at all times did the acts and things herein alleged pursuant to, and in furtherance of, the conspiracy and agreement alleged above.

49. As a proximate result of the wrongful acts of the Defendants, and each of them, Plaintiffs have been damaged in a sum according to proof and for attorney's fees, costs and interest according to proof.

**WHEREFORE**, Plaintiffs respectfully pray that judgment be entered against the Defendants for the following:

    a. Actual damages;

    b. Treble damages;

      c.      An award of reasonable attorneys fees and expenses and costs of court; and

      d.      Such additional relief as is deemed just and proper, or that the interests of justice require.

## V. JURY DEMAND

Plaintiffs hereby demand a jury trial as to all issues herein.

Respectfully submitted,

**WARREN & VULLINGS, LLP**

**Date: September 28, 2010**      BY: **/s/Bruce K. Warren BKW4066**
      Bruce K. Warren, Esq.

      BY: **/s/Brent F. Vullings BFV8435**
      Brent F. Vullings, Esq.

Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA 19111
215-745-9800   Fax 215-745-7880
Attorneys for Plaintiffs